IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY HOLLIDAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 16-cv-717-JPG-CJP |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is the parties' Agreed Motion to Remand to the Commissioner. (Doc. 21). The parties agree that this case should be remanded to the Acting Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). A sentence four remand (as opposed to a sentence six remand) depends upon a finding of error, and is itself a final, appealable order. See, *Melkonyan v. Sullivan*, 501 U.S. 89 (1991); *Perlman v. Swiss Bank Corporation Comprehensive Disability Protection Plan*, 195 F.3d 975, 978 (7th Cir. 1999). Upon a sentence four remand, judgment should be entered in favor of plaintiff. *Schaefer v. Shalala*, 509 U.S. 292, 302-303 (1993).

The parties agree that, upon remand, "an Administrative Law Judge will be directed to further consider Plaintiff's residual functional capacity; if warranted, obtain supplemental vocational expert testimony; and issue a new decision."

The Court notes that plaintiff applied for disability benefits in July 2012, more than four years ago. (Tr. 9). While recognizing that the agency has a full docket, the Court urges the Commissioner to expedite this case on remand.

For good cause shown, the parties' Agreed Motion to Remand to the Commissioner (Doc. 21) is **GRANTED**.

The final decision of the Commissioner of Social Security denying Derek Hardesty's application for social security benefits is **REVERSED and REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence **four** of 42 U.S.C. §405(g).

The Clerk of Court is **DIRECTED** to enter judgment in favor of plaintiff.

**IT IS SO ORDERED.**

**DATED:**  12/6/2016

> *S/J. Phil Gilbert*
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**